**Opinion filed September 9, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00041-CV

_____

## IN THE INTEREST OF E.J.V., A CHILD

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-3534-PC**

## M E M O R A N D U M   O P I N I O N

Appellant, the father of E.J.V., filed a pro se notice of appeal in this cause. On July 15, 2021, this court notified Appellant by letter that it did not appear to this court that we could proceed with the appeal in this matter because the order from which Appellant attempted to appeal did not affect Appellant. We requested that Appellant respond and show grounds to continue, and we informed Appellant that this appeal may be dismissed.

Appellant has responded to this court's letter, but he has not shown grounds upon which this appeal may continue. The documents on file in this court show that the attorney general's office filed a suit to modify the *mother's* child support and to

confirm the *mother's* child support arrearage. In the agreed order signed by the trial court, the trial court determined that the mother was not in arrears, and it ordered her to pay current child support in a certain amount. Appellant, who is incarcerated, is not the obligee of such child support, and the agreed order does not in any way affect Appellant.

The Texas Supreme Court has held that "an appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000). Appellant is attempting to appeal an order that does not affect his rights and "merely affects the rights of others." As a result, Appellant lacks standing to bring this appeal. *See C. M. v. Tex. Dep't of Family & Protective Servs.*, No. 03-21-00184-CV, 2021 WL 2520188, at *1 (Tex. App.—Austin June 18, 2021, no pet. h.) (mem. op.) (recognizing that, to have standing to appeal, a party must make a prima facie showing that its interests are prejudiced or adversely affected by the disputed order or judgment); *D.F. v. Tex. Dep't of Family & Protective Servs.*, No. 03-16-00883-CV, 2017 WL 1315441, at *3–4 (Tex. App.—Austin Apr. 4, 2017, no pet.) (mem. op.); *see also Torrington*, 46 S.W.3d at 843. Because Appellant lacks standing, we have no jurisdiction to consider this appeal and must dismiss it. *See* TEX. R. APP. P. 42.3(a).

Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

September 9, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

2